UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVANSTON INSURANCE COMPANY,

       Plaintiff,

                                     File No.  1:06-CV-904

v.

                                   HON. ROBERT HOLMES BELL

BIOPORT CORPORATION and ROBERT
C. MYERS,

       Defendants.

_____/

**O P I N I O N**

This insurance coverage dispute comes before the Court on motions to dismiss filed

by Defendant BioPort Corporation and Defendant Robert C. Myers.  For the reasons that

follow, Defendant Myers' motion will be granted and Defendant BioPort Corporation's

motion will be granted in part and denied in part.

**I.**

Plaintiff Evanston Insurance Company ("Evanston") is engaged in the business of

selling surplus lines of insurance. (Compl. ¶ 3).  Defendant BioPort Corporation ("BioPort")

is engaged in the business of manufacturing vaccines and other biological products. (Compl.

¶ 4).  Evanston issued its General Liability Including Products/Completed Operations

(Claims Made) Policy No. SP-802750 to BioPort for the policy period December 31, 2000,

to December 31, 2001 ("the Policy").

The Policy provides in relevant part:

It is a condition precedent to any recovery hereunder that at the inception date of this policy the Insured does not know of any facts, incidents or circumstances which might result in claim(s) or suits being made against the Insured, in respect of bodily injury and/or property damage arising from the products and/or completed operations (of the) Insured hereunder other than as disclosed in the application.

(Compl. ¶ 15 & Ex. A).  In its Application for insurance from Evanston, BioPort was asked in question 7a:  "Are you aware of any other incidents, conditions, circumstances, defects, or suspected defects which may result in claims against you?"  BioPort answered "none". (Compl. ¶ 122, & Ex. B).

Between 2001 and 2006 multiple suits were filed against BioPort for personal injuries allegedly suffered as a result of being inoculated with BioPort's Anthrax Vaccine Adsorbed (the "Anthrax litigation").  (Compl. ¶¶ 17-91 & Ex. C-K). [1]  In October 2001 BioPort was named in the first of multiple suits for personal injuries allegedly suffered as a result of the inoculation of children with BioPort's vaccines containing Thimerosal (the "Thimerosal litigation").  (Compl. ¶¶ 100-111).

Evanston has reimbursed BioPort $331,762.36 for its costs and fees in the Thimerosal litigation and the Anthrax litigation subject to a reservation of rights.  (Compl. ¶ 118). Evanston alleges that "[t]he fees and costs claimed by and on behalf of Bioport and/or Dr.

---

[1]The Anthrax litigation cases in this court were consolidated under the case name *Ammend v. BioPort*, Case No. 5:03-CV-31 (W.D. Mich.) (Quist, J.).  On April 19, 2006, this Court dismissed all of the plaintiffs' claims against BioPort, Inc. and Robert C. Myers in the *Ammend* lawsuit and the cases consolidated with it.  (Compl. ¶ 92 & Ex. L).

Myers against Evanston for payment under the Evanston Policy may amount to as much as $3,218,000.  (Compl. ¶ 95).  Evanston has asserted in letters to BioPort that it has no obligation under the law or under its Policy to pay the fees and costs for which BioPort claims it should be indemnified. (Compl. ¶ 117).

Evanston filed a five-count complaint in this Court against BioPort and Myers for 1) rescission of the Evanston policy; 2) reformation of the Evanston policy to exclude coverage for the Anthrax litigation and/or the Thimerosal litigation; 3) a declaratory judgment that Evanston has no duty to defend or to indemnify BioPort or Myers with respect to the Anthrax litigation and/or the Thimerosal litigation; 4) a money judgment against BioPort for Evanston's payments to BioPort for costs and fees relating to or arising from BioPort's defense of the Anthrax litigation and/or the Thimerosal litigation; and 5) restitution of the amount BioPort has received from Evanston for costs and fees of defense.

## II.

Defendants have moved to dismiss Plaintiff's complaint pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure and the Declaratory Judgment Act, 28 U.S.C. § 2201.

The Federal Rules of Civil Procedure provide for a liberal system of notice pleading: a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  The circumstances constituting fraud, however, must be pleaded with particularity.  FED. R. CIV. P. 9(b); *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2000).

An action may be dismissed pursuant to Rule 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir.1993).  When considering a motion to dismiss, all well-pleaded allegations in the complaint are treated as true.  Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claims that would entitle it to relief.  *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003); *Goad v. Mitchell*, 297 F.3d 497, 500 (6th Cir. 2002).

### III.

Counts I, II, IV, and V and paragraph 142(b) of Count III are all based upon the allegation that when BioPort applied for insurance from Evanston, BioPort knew about but failed to disclose "incidents, conditions, circumstances, defects, or suspected defects" that resulted in the claims raised against BioPort in the Anthrax litigation and/or the Thimerosal

litigation.[2]  BioPort moves to dismiss these four counts and ¶ 142(b) on the basis that

---

[2]In Count I Evanston alleges:

> Bioport was aware of facts, **incidents, conditions, circumstances, defects, or suspected defects** relating to the claims asserted against it in the **Anthrax litigation and/or the Thimerosal litigation** when it completed the Application for the Evanston Policy.

(Compl. ¶ 123) (emphasis added).  Evanston further alleges that BioPort's denial of its awareness of any facts, incidents, conditions, circumstances, defects, or suspected defects which may result in claims against it was a material misrepresentation. (Compl ¶ 124).  In Count II Evanston alleges:

> If Evanston had been advised of Bioport's awareness of **incidents, conditions, circumstances, defects, or suspected defects** which may have resulted, and did result, in the claims asserted against it in the **Anthrax litigation and/or the Thimerosal litigation**, it would have . . . specifically excluded the Anthrax litigation and the Thimerosal litigation from the coverage afforded under the Policy.

(Compl. ¶ 133) (emphasis added).  In Count IV Evanston alleges:

> Bioport caused Evanston to issue its Policy, and obtained the benefits of coverage under the Policy, by misrepresenting in the Application therefor its awareness of **incidents, conditions, circumstances, defects or suspected defects** which may have resulted, and did result, in claims against it, including the **Anthrax litigation and/or the Thimerosal litigation**.

(Compl. ¶ 147) (emphasis added).  In Count V Evanston alleges:

> Bioport caused Evanston to issue its Policy, and obtained the benefits of coverage under the Policy, by misrepresenting in the Application therefor its awareness of **incidents, conditions, circumstances, defects or suspected defects** which may have resulted, and did result, in claims against it and/or Dr. Myers, including the **Anthrax litigation and/or the Thimerosal litigation**.

(Compl. ¶ 155) (emphasis added).  In ¶ 142(b) of Count III Evanston alleges:

(continued...)

5

although they are all based on allegations of fraud, the averments of fraud are not stated with particularity as required by Rule 9(b).

"The purpose of Rule 9(b) is to provide fair notice to the defendant so as to allow him to prepare an informed pleading responsive to the specific allegations of fraud." *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (citing *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir.1988)). In order to comply with Rule 9(b), a plaintiff must allege, at a minimum, "the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003) (quoting *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir.1993)). Although the Sixth Circuit reads Rule 9(b)'s particularity requirement liberally, allegations of fraudulent

---

[2](...continued)
Evanston has no duty to defend or indemnify in connection with the **Anthrax litigation and/or the Thimerosal litigation** because Bioport:

. . .

(b)     breached one or more of the conditions quoted in preceding paragraphs including paragraph 15.

(Compl. ¶ 142(b)) (emphasis added).  Paragraph 15 provides in pertinent part that the Insured "does not know of **any facts, incidents or circumstances** which might result in claim(s) or suits being made against the Insured . . . ."  (Compl. ¶ 15) (emphasis added).

misrepresentations must nevertheless be made "with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Coffey*, 2 F.3d at 162 (internal quotation marks and citation omitted).

Evanston alleges that BioPort committed fraud by answering "none" to question 7a on the December 2000 insurance application.  These allegations sufficiently detail the who, where and when of the fraud.  Although Evanston has detailed what statement is fraudulent, Evanston has not detailed what is fraudulent about the statement, or why the statement is fraudulent.  There are no allegations regarding what BioPort knew that made the statement fraudulent.  Further compounding the ambiguity of the fraud allegations is Evanston's use of the phrase "and/or," regarding the litigation.  Evanston has not identified whether BioPort had knowledge of facts concerning the Anthrax litigation or the Thimerosal litigation, or both. BioPort is left to guess at what it allegedly knew that made the answer to question 7a false, and whether its knowledge concerned its Anthrax vaccines or its Thimerosal-containing vaccines.

In *Michaels* the Sixth Circuit held that the complaint satisfied Rule 9(b) where it specified

> the parties and the participants to the alleged fraud, the representations made, the nature in which the statements are alleged to be misleading or false, the time, place and content of the representations, the fraudulent scheme, the fraudulent intent of the defendants, reliance on the fraud, and the injury resulting from the fraud.

*Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988).

In *General Elec. Co. v. Latin American Imports, S.A.*, 187 F. Supp.2d 749(W.D. Ky. 2001), the court dismissed five counts of a counterclaim that alleged misrepresentations on the part of GE but pled neither the content of these alleged misrepresentations nor the identities of the parties making and receiving them sufficiently to put GE on notice. *Id.* at 753.  The court held that the "vague allegations of fraud" did not meet the requirement that the counter-plaintiff "explicitly state the circumstances constituting the fraud." *Id.* at 754.

In *Weiss v. Astellas Pharma US, Inc*., No. 5:05-527,  2006 WL 1285406 (E.D. Ky. May 10, 2006), the court dismissed a complaint where the plaintiffs' allegations of intentional misrepresentation essentially were that based on what the defendants knew in light of unspecified research, they committed fraud by claiming that certain pharmaceuticals were safe and by not revealing certain largely unspecified risks. *Id.* at *3.  The court noted:

> when Plaintiffs make their allegations regarding what Defendants knew based on "scientific evidence" and "their own research," without any further elaboration, it is impossible for Defendants to know what Plaintiffs are alleging that they should have known, and therefore it is impossible for them to know what they are accused of failing to disclose.

*Id*.

Evanston's fraud claim is simply based upon its assertion that "on information and belief" BioPort was aware of "facts, incidents, conditions, circumstances, defects, or suspected defects relating to the claims asserted against it in the Anthrax litigation and/or the Thimerosal litigation" when it completed the Application for the Evanston Policy.  (Compl. ¶¶ 124-125).   Although Evanston has recited many of the allegations raised in the Anthrax

and the Thimerosal litigation, (Compl. ¶¶ 23-92, 101-105), Evanston has not suggested that

it is itself making any of these allegations, and Evanston has not alleged that these suits were

filed or that BioPort was otherwise aware of these claims before BioPort signed the insurance

application in December 2000.

Allegations of fraud "cannot be based upon 'information and belief,' except where the

relevant facts lie exclusively within knowledge and control of the opposing party, and even

then, the plaintiff must plead a particular statement of facts upon which his belief is based."

*Craighead v. E.F. Hutton & Co., Inc.*, 899 F.2d 485, 489-90 (6th Cir. 1990)).

Evanston has not alleged the facts upon which its  information and belief is based.

Even if the Court were to infer that Evanston's belief is based upon the prior lawsuits,

Evanston has not alleged what BioPort knew or when it knew it, or which litigation (Anthrax

or Thimerosal) the knowledge related to.  Evanston has merely alleged that BioPort knew

something that might result in claims being made against it, but without any further

elaboration, it is impossible for BioPort to know what it is accused of failing to disclose and

which of two potential subjects of litigation it involved.  Evanston's complaint fails to

"explicitly state the circumstances constituting the fraud," *General Electric*, 187 F. Supp.2d

at 754, or to specify "the nature in which" the statement is alleged to be misleading or false.

*Michaels*, 848 F.2d at 679.  The Court concludes that Counts I, II, IV and V and ¶ 142(b) of

Evanston's complaint fail to meet the requirements of Rule 9(b).

BioPort has requested that the Court dismiss these counts of the complaint for failure to satisfy the pleading requirements of Rule 9(b).  Evanston contends  that if the Court finds that the allegations are not sufficient, it should be allowed an opportunity to amend the complaint.  The Sixth Circuit has held that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."  *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 342 F.3d 634, 644 (6th Cir. 2003) (quoting *EEOC v. Ohio Edison Co.*, 7 F.3d 541, 546 (6th Cir.1993)).  In *General Elec.* the court dismissed a fraud complaint that failed the particularity-in-pleading requirements of Rule 9, but permitted the counterclaim plaintiffs fifteen days' leave to amend.  187 F. Supp.2d at 753.  *See also Weiss*, 2006 WL 1285406 at *4 (dismissing intentional misrepresentation counts without prejudice, but granting leave to timely amend complaint).  The Court agrees with the approach taken in *General Electric* and *Weiss*.  Accordingly, the Court will dismiss Counts I, II, IV, V, and ¶ 142(b) of the complaint without prejudice and will permit Evanston leave to file an amended complaint within fifteen days.

## IV.

Defendant BioPort has also moved to dismiss Count III of Evanston's complaint.  In Count III Evanston seeks a declaration with respect to Anthrax and/or the Thimerosal litigation as follows:  that it has no duty to defend or indemnify several lawsuits that do not involve a claim first made during the time when the Evanston Policy was in effect (Compl.

¶ 137); that it has no duty to defend or indemnify to the extent that the alleged bodily injury took place prior to September 5, 1998 (Compl. ¶ 138); that it has no duty to defend or indemnify to the extent that the bodily injury arose out of vaccines that were not manufactured, sold, handled or distributed by Bioport (Compl. ¶ 139); that it has no duty to defend or indemnify to the extent that coverage under the Policy does not apply pursuant to Exclusions (a), (c), (f) or (g), (Compl. ¶¶ 12 & 140); that it has no duty to indemnify for punitive damages (Compl. ¶ 141); that it has no duty to defend or indemnify because BioPort has not cooperated with Evanston, breached one or more conditions quoted in ¶ 15, and failed to timely tender the defense to Evanston (Compl. ¶ 142); and that even if it has a duty to defend, it is only required to pay fees and costs that are reasonable (Compl. ¶ 143).

The Declaratory Judgment Act authorizes the court, in "a case of actual controversy within its jurisdiction" to declare the rights and other legal relations of any interested party seeking such declaration.  28 U.S.C. § 2201(a).  "Before a court can grant relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the court must determine 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy [and] reality to warrant the issuance of a declaratory judgment.'"  *Blakely v. United States*, 276 F.3d 853, 872 (6th Cir. 2002) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)).

BioPort contends that the question of indemnification is not ripe because there have been no judgments against BioPort in the Anthrax litigation or the Thimerosal litigation.

Where an insurer's duty to indemnify is dependent on the outcome of the underlying case, a declaration as to the duty to indemnify may be premature until the underlying claims have been resolved.  *See, e.g., Bankwest v. Fidelity & Deposit Co. of Md.*, 63 F.3d 974, 981-82 (10th Cir.1995); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995). However, the fact that the underlying case has not proceeded to judgment does not necessarily preclude a court from entering declaratory relief on the issue of indemnification. *See Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (reversing dismissal and holding that action for declaratory relief on duty to defend and indemnify stated a controversy even though underlying action had not proceeded to judgment).  For example, a court could rule on the issue of indemnification if the allegations in the complaint could not, under any circumstances, lead to a result which would trigger the duty to indemnify, such as where there is no duty to defend.  *See, e.g., Cincinnati Ins. Co. v. Grand Pointe, LLC*, No. 1:05-CV-161, 2006 WL 1806014, *9 (E.D. Tenn. June 29, 2006).  *See also Professionals Direct Ins. Co. v. Wiles, Boyle, Burkholders & Bringardner Co.*, 2007 WL 756736, *3  (S.D. Ohio Mar. 7, 2007) (denying motion to dismiss declaratory judgment as to duty to defend and to indemnify over claims that it was not ripe); *Bil-Jax, Inc. v. SEV Group, Ltd.*, No. 3:05CV7107, 2005 WL 2044851, *2 (N.D. Ohio Aug. 24, 2005) ("Where a duty to defend is at issue, therefore, the entire declaratory action, including the indemnity action, is ripe.").  Moreover, even if a declaration on the issue of indemnification is not yet ripe, the action could be stayed rather than dismissed.

As to the duty to defend, BioPort contends that there is no controversy over the policy provisions and exclusions referenced in the complaint other than whether the policy is void because it was procured by fraud.  BioPort does not, however, address the allegations that the exclusions in ¶ 12 apply, that it breached one or more of the conditions quoted in ¶ 15, that it failed to timely tender the defense, or that it failed to cooperate with Evanston in the defense and investigation of the Anthrax litigation and the Thimerosal litigation.  (Compl. ¶¶ stet 97, 112, 116, 140, 142).

BioPort also contends that its duty to defend is not at issue because Evanston has not alleged that any of the underlying lawsuits assert **only** claims that fall **outside** the scope of coverage afforded BioPort under the Policy.  BioPort is correct in its assertion that the duty to defend is broader than the duty to indemnify, and that the insurer must provide a defense if there are "any theories of recovery that fall within the policy." *American Bumper and Mfg. Co. v. Hartford Fire Ins. Co.*, 452 Mich. 440, 452, 550 N.W.2d 475, 481 (1996). Nevertheless the Court is aware of no duty on the party of the insurer to affirmatively allege that the underlying suits assert only claims that fall outside the scope of coverage.

Upon review of Count III of the complaint, and treating all well-pleaded allegations as true, the Court cannot say that it appears beyond doubt that Evanston can prove no set of facts in support of its claims that would entitle it to declaratory relief.  Accordingly, BioPort's motion to dismiss Count III for declaratory relief will be denied.

**IV.**

Defendant Myers has also filed a motion to dismiss the claims against him.  Although the complaint is somewhat ambiguous as to which counts include claims against Dr. Myers,

13

Evanston asserts that it is not asserting its fraud-based claims against Dr. Myers, and that Dr.

Myers is named as a defendant only in Count III, seeking declaratory relief. (Pl. Resp. at 3

& 9).

Dr. Myers moves to dismiss the request for declaratory relief against him because he

has not sought reimbursement from Evanston for costs incurred in his defense.

Evanston alleges in its complaint that Dr. Myers has been named as a defendant in

some of the Anthrax litigation. (Compl. ¶ 20). Evanston also alleges in its complaint that

BioPort has made a claim for reimbursement of costs incurred in defending the Anthrax

litigation.[3] Evanston has not directly asserted that Dr. Myers has made a claim for

reimbursement. Evanston has, however, included an ambiguous reference to claims made

"by and on behalf of Bioport and/or Dr. Myers."[4] This allegation does not clearly state

whether Dr. Myers himself made claims or whether BioPort made claims on his behalf.

_____

[3]Evanston alleges in its complaint:

> **Bioport** asserts that in the Anthrax litigation which neither it nor Dr. Myers tendered, or timely tendered, to Evanston for defense **it** has incurred fees and costs. **It** claims that Evanston was and is obligated under the Policy to indemnify **it** for these fees and costs.

(Compl. ¶ 94) (emphasis added).

[4]Evanston alleges in its complaint:

> The fees and costs **claimed by and on behalf of Bioport and/or Dr. Myers** against Evanston for payment under the Evanston Policy may amount to as much as $3,218,000, approximately. However, **the documentation submitted by and on behalf of Bioport and Dr. Myers** is duplicative and incomplete and it does not support that defendants have incurred fees and costs in the total amount apparently claimed.

(Compl. ¶ 95).

In response to Dr. Myers' argument that he should not be named in Count III because he has not made any claim for reimbursement of his defense costs from Evanston, Evanston does not suggest that Dr. Myers has in fact made any claim for reimbursement.  Evanston merely contends that Dr. Myers is a proper defendant because he has "insured status" under the policy, and that because he qualifies as an insured, a finding rescinding or reforming the policy would be binding upon him.

Evanston has failed to allege any "case of actual controversy" between it and Dr. Myers within the meaning of the Declaratory Judgment Act.  28 U.S.C. § 2201(a).  Evanston has also failed to identify any reason why Dr. Myers' "insured status" requires him to be a named defendant in a lawsuit to resolve the extent to which Evanston must reimburse BioPort for BioPort's defense costs.  Evanston has failed to state claim against Dr. Myers on which relief can be granted.  Accordingly, Dr. Myer's motion to dismiss will be granted.

An order consistent with this opinion will be entered.

Date:   July 17, 2007                              /s/ Robert Holmes Bell

                                                ROBERT HOLMES BELL
                                                CHIEF UNITED STATES DISTRICT JUDGE