UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVANSTON INSURANCE COMPANY,

        Plaintiff,

                                              File No.  1:06-CV-904

v.

                                              HON. ROBERT HOLMES BELL

BIOPORT CORPORATION,

        Defendant.

_____/

**O P I N I O N**

Plaintiff/Counter-Defendant Evanston Insurance Company ("Evanston") has filed a motion to dismiss  Count II of the counterclaim filed by Defendant/Counter-Plaintiff BioPort Corporation ("BioPort").  For the reasons stated herein Evanston's motion will be granted.

**I.**

Evanston issued General Liability Including Products/Completed Operations (Claims Made) Policy No. SP-802750 to BioPort for the period December 31, 2000, to December 31, 2001 ("the Policy").  In this action Evanston contends that it does not owe coverage to BioPort under the Policy for lawsuits involving the Anthrax vaccine Adsorbed and vaccines that contained thimerosal.  In its answer BioPort asserted two counterclaims. (Dkt. No. 22, Countercl.)  BioPort's second counterclaim alleges bad faith under Illinois law and seeks an

award of attorney fees pursuant to section 155 of the Illinois Insurance Code, 215 Ill. Comp. Stat. 5/155.  (*Id.* at ¶ 11, 14.)

Evanston moves to dismiss BioPort's second counterclaim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief can be granted.

## II.

"Under Rule 12(b)(6) 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  In considering a Rule 12(b)(6) motion the Court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff, but need not accept as true legal conclusions or unwarranted factual inferences.  *Id.*

## III.

Evanston's first argument in support of dismissal is that Michigan law applies to all claims made in connection with this insurance coverage dispute, and that accordingly Illinois statutory law cannot be the basis for a bad faith claim.  (Dkt. No. 26, Pl.'s Br. in Supp. of Mot. to Dismiss, 3.)

Evanston's argument requires the Court to determine what law governs this dispute.  A federal court sitting in diversity is required to apply the choice-of-law provisions of the

forum state. *NILAC Int'l Mktg. Group v. Ameritech Servs., Inc.*, 362 F.3d 354, 358 (6th Cir. 2004) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Evanston cites *Chrysler Corporation v. Skyline Industrial Services, Inc.*, 448 Mich. 113, 528 N.W.2d 698 (1995), in support of its contention that for contract disputes Michigan has adopted the *Restatement (Second) of Conflict of Laws*, which emphasizes the relevant contacts and policies of interested states. (Pl.'s Br. 3.)

BioPort disagrees with Evanston's characterization of *Chrysler*. According to BioPort, *Chrysler* did not abandon the traditional *lex loci contractus* rule in favor of the Restatement approach, but merely indicated that courts should look to the Restatement when *lex loci contractus* proves unworkable. *Chrysler*, 448 Mich. at 124, n.28. BioPort urges the application of the *lex loci contractus* rule, under which Illinois law would govern because that was the location of the last act necessary to the formation of the contract. (Dkt. No. 32, Def.'s Br. in Opp'n to Mot. to Dismiss 3-4.)

Although the Michigan Supreme Court declined to explicitly abandon the "law of the place of contracting" approach in *Chrysler*, it observed that "the rigid 'law of the place of contracting' approach has become outmoded in resolving contract conflicts," that the trend in the Michigan Supreme Court "has been to move away from traditional choice-of-law conceptions toward a more policy-centered approach." and that "§§ 187 and 188 of the *Second Restatement*, with their emphasis on examining the relevant contacts and policies of the interested states, provide a sound basis for moving beyond formalism to an approach

3

more in line with modern-day contracting realities." *Id.* at 122-23, 124. The Sixth Circuit has concluded that "[i]n *Chrysler*, the Michigan Supreme Court endorsed the approach found in the *Restatement (Second) of Conflict of Laws*," and that Michigan courts accordingly "'balance the expectations of the parties to a contract with the interests of the states involved to determine which state's law to apply.'" *Uhl v. Komatsu Forklift Co., Ltd.*, 512 F.3d 294, 302 (6th Cir. 2008) (quoting *Mill's Pride, Inc. v. Cont'l Ins. Co.*, 300 F.3d 701, 705 (6th Cir. 2002) (quotation marks omitted). *See also Equitable Life Assur. Soc'y v. Poe*, 143 F.3d 1013, 1016 (6th Cir. 1998) (citing *Chrysler* in support of its holding that Michigan choice-of-law rules "require a court to balance the expectations of the parties to a contract with the interests of the states involved to determined which state's law to apply").

A decision by the Sixth Circuit deciding a question of Michigan law is binding authority on district courts in the Sixth Circuit unless the Michigan courts have subsequently indicated that "'they would have decided [the prior decision] differently.'" *Blaine Constr. Co. v. Ins. Co. of N. Am.*, 171 F.3d 343, 350-51 (6th Cir. 1999). BioPort has not directed this Court to any Michigan case suggesting that the Sixth Circuit has misconstrued Michigan choice-of-law rules. Rather, it appears that subsequent to *Chrysler* Michigan courts have addressed contract choice-of-law questions in manner consistent with the approach taken by the Sixth Circuit. *See Farm Bureau Ins. Co. v. Abalos*, 277 Mich. App. 41, 44-45, 742 N.W.2d 624 (2007) (holding that where the insurance policy does not contain a

choice-of-law provision, the court must balance the expectations of the contracting parties and the interests of the states to determine which law to apply); *Buist v. Digital Message Sys. Corp.*, No. 229256, 2002 WL 31957703 (Mich. App. Dec. 27, 2002) (holding that pursuant to *Chrysler,* when determining the applicable law the court is required to balance the expectations of the parties with the interests of the states). Accordingly, the Sixth Circuit's conclusion that Michigan courts have endorsed the *Second Restatement's* balancing approach for contract choice-of-law questions is binding on this Court.

BioPort concedes that consideration of the relative interests of the parties and the states under the *Second Restatement* approach clearly points to application of Michigan law to this controversy. (Def.'s Br. 4.) The Policy was issued to a Michigan corporation with its principal place of business in Michigan and was negotiated and issued through a Michigan insurance brokerage firm. Because the Policy is governed by the substantive law of Michigan, BioPort cannot seek relief under the Illinois Insurance Code. *See Silvest v. Monumental Gen. Ins. Co.*, No. 92-3336, 1993 WL 262012, at *5 (7th Cir. July 9, 1993). BioPort has implicitly acknowledged as much by requesting leave to file an amended answer substituting a claim for statutory penalties under Michigan law for the claim currently asserted under section 155 of the Illinois Insurance Code should this Court conclude that Michigan law governs. (Def.'s Br. 4.)

The Court concludes that Michigan law governs and that BioPort's bad faith claim under the Illinois Insurance Code is subject to dismissal. In light of this determination the

Court will not address Evanston's alternative argument that Count II fails to state a cause of action under section 155 of the Illinois Insurance Code. The Court will grant BioPort leave to amend its counterclaim within fifteen days of this opinion.

An order consistent with this opinion will be entered.

Date:     April 10, 2008                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            CHIEF UNITED STATES DISTRICT JUDGE